# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| |  |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**WILLIAM ROBINSON** | **Case No. 2:14-cr-00455-JDW** |

## MEMORANDUM

William Robinson robbed two businesses in Philadelphia at gunpoint. Unfortunately, this was not Mr. Robinson's first run-in with the law, as he had previously pleaded guilty to crimes punishable by over one year imprisonment. Now, he wants this Court to vacate or otherwise correct his sentence, arguing he did not commit a "crime of violence" and did not know that his criminal history barred him from possessing a firearm. For the reasons set forth below, the Court will deny Mr. Robinson's Amended Motion To Vacate.

## I. BACKGROUND

### A. The Crime And The Sentence

On the evening of June 26, 2014, Mr. Robinson robbed a 7-Eleven at gunpoint. As he turned to leave, he told an employee, "You follow me, I'll blow your head off." (PSR ¶ 7.) Later that night, Mr. Robinson entered a Pizza Hut and brandished his gun at the employee manning the cash register. The employee ran to get the supervisor, who came to the front as Mr. Robinson was grabbing money from the cash register. Mr. Robinson threatened to shoot the manager if the manager tried to stop him. Police apprehended Mr. Robinson a few blocks from the Pizza Hut.

At a change of plea hearing, Mr. Robinson pleaded guilty to two counts of robbery in violation of 18 U.S.C. § 1951(a) (Counts 1 and 3), one count for using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count 4), and one count for being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 5). On July 27, 2015, Judge Kelly sentenced Mr. Robinson to 189 months imprisonment. Judge Kelly sentenced Mr. Robinson to 105 months on each of Counts 1, 3, and 5, to run concurrently, and 84 months on Count 4 to run consecutively, for a total of 189 months.

**B.     Procedural Posture**

On May 18, 2020, Mr. Robinson filed a *pro se* Motion to vacate his sentence. The Court appointed counsel, who filed an Amended Motion To Vacate on January 21, 2021, asking the Court to vacate Count 4 and to allow Mr. Robinson to withdraw his guilty plea for Count 5. The Government responded, and the Motion is ripe.

**II.     LEGAL STANDARD**

Under 28 U.S.C. § 2255(a), "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A defendant in federal custody may file a § 2255 motion to vacate, set aside, or correct a sentence within one year of "the date on which the right asserted was initially recognized by the Supreme Court,

if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2255(f)(3). A court may deny a Section 2255 motion without a hearing where the "motion, files, and records, show conclusively that the movant is not entitled to relief." *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (quote omitted).

## III. DISCUSSION

### A. Count 4: Crime Of Violence

The "crime of violence" provision under 18 U.S.C. § 924(c) applies to a person who uses or carries a firearm during and in relation to a "crime of violence." Section 924(c)(3) defines a "crime of violence" as "an offense that is a felony" and—"(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court invalidated subsection (B) of Section 924(c)'s definition of "crime of violence" as unconstitutionally vague, meaning that a crime of violence may now qualify only under subsection (A), the "elements clause."

For Mr. Robinson, the Section 924(c) charge applied in relation to the Hobbs Act robbery counts (Counts 1 and 3). A Hobbs Act robbery is, in relevant part, "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1). Mr. Robinson's challenge is timely under 28 U.S.C. § 2255(f)(3) because *Davis*, which

modified the definition of "crime of violence" under Section 924(c), was decided on June 24, 2019, and Mr. Robinson filed this Motion on May 18, 2020, within one year of the decision. The issue, then, is whether a Hobbs Act robbery is a crime of violence after *Davis*. It is. *See United States v. Walker*, 990 F.3d 316, 324-25 (3d Cir. 2021). Therefore, the Court will not vacate Count 4 under 28 U.S.C. § 2255(a).

### B. Count 5: Felon In Possession

On June 21, 2019, the Supreme Court ruled in *Rehaif v. United States* that a conviction under § 922(g) requires the government to "show that the defendant knew he possessed a firearm *and also that he knew he had the relevant status* when he possessed it." 139 S. Ct. 2191, 2194 (2019) (emphasis added). Mr. Robinson claims that this change in the law gives him a basis to undo his guilty plea on Count 5 because he did not know that his status as a felon barred him from possessing a firearm. His challenge is timely because he filed it within one year of the decision in *Rehaif*. But his arguments fail for three reasons.

*First*, Mr. Robinson procedurally defaulted this argument. A motion under 28 U.S.C. § 2255 cannot substitute for a direct appeal. *Gov't of the Virgin Islands v. Nicholas*, 759 F.2d 1073, 1074 (3d Cir. 1985). If a defendant could have raised a claim on direct appeal but did not, then he may not raise them in collateral proceedings unless certain exceptions apply. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). Mr. Robinson did not raise his claims on his direct appeal, so they are procedurally defaulted. To avoid that default, Mr. Robinson must show either cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default. *See id.* at 168.

To show cause, a defendant must show that the defaulted issue was "so novel that its legal basis [was] not reasonably available" at the time of default. *Reed v. Ross*, 468 U.S. 1, 15 (1984). A claim is "not reasonably available" when the Supreme Court "explicitly overrule[s] one of its precedents" or "overturn[s] a longstanding and widespread practice to which [the] Court ha[d] not yet spoken, but which a near-unanimous body of lower court authority ha[d] expressly approved." *Id.* at 17. However, "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley v. United States*, 523 U.S. 614, 623 (1998). A defendant can establish prejudice by showing that the alleged error worked to the defendant's "actual and substantial disadvantage." *Frady*, 456 U.S. at 170. In the context of a guilty plea, a defendant "must show that there is a reasonable probability that but for [the] errors, he would not have pleaded guilty and would have instead insisted on going to trial." *Hill v. Lockhart*, 475 U.S. 52, 59 (1985).

The claim that Mr. Robinson lacked knowledge of his status that prohibited him from possessing a firearm was not so novel that it was not reasonably available to his counsel at the time of his conviction. *See United States v. Innocent*, 977 F.3d 1077, 1084 (11th Cir. 2020). Indeed, the issue had been "percolating in the courts for years." *United States v. Bryant*, No. 11 CR 765, 2020 WL 353424, at * 3 (E.D.N.Y. Jan. 21, 2020) (collecting cases). Mr. Robinson also cannot rely on an argument about ineffective assistance of counsel as cause becaseu a lawyer's failure to predict a change in the law does not render his performance deficient. *See United States v. Doe*, 810 F.3d 132, 154 (3d Cir. 2015).

5

Mr. Robinson also cannot show prejudice. To do so, he would have to show that "there is a reasonable probability that but for [the] errors, he would not have pleaded guilty and would have instead insisted on going to trial." *Hill v. Lockhart*, 475 U.S. 52, 59 (1985). At the time of his conviction, he knew that he had been convicted of other crimes. Nothing in the record suggests that Mr. Robinson was not informed, at the time of those convictions, that the convictions barred him from possessing a firearm. *See Parke v. Raley*, 506 U.S. 20, 30 (1992).

Mr. Robinson also cannot satisfy the alternative requirement of showing a fundamental miscarriage of justice. To show a fundamental miscarriage, a defendant must present new evidence that he is actually innocent of the crime for which he has been convicted. *Cristin v. Brennan*, 281 F.3d 404, 412 (3d Cir. 2002). To establish actual innocence, the defendant must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Mr. Robinson cannot make such a showing. He pleaded guilty to two crimes that carried sentences over one year imprisonment. As such, Mr. Robinson cannot show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327. Despite Mr. Robinson's arguments to the contrary, Section 922(g) does not ask whether he actually served more than one year in prison, but rather whether he was "convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." He was, and a reasonable jury could conclude he knew it.

*Second*, Mr. Robinson's challenges to the sufficiency of the indictment fail. "[A] criminal defendant's unconditional, knowing and voluntary plea of guilty

6

waives all non-jurisdictional issues." *Washington v. Sobina*, 475 F.3d 162, 165 (3d Cir. 2007). Mr. Robinson argues that the Section 922(g) count in the indictment was insufficient because it failed to allege his prior knowledge of his status as a felon, which violated his rights under the Fifth and Sixth Amendments. But he waived this argument when he pled guilty to Count 5. While a jurisdictional defect cannot be waived, the omission of an element from an indictment is not jurisdictional. *See United States v. Cotton*, 535 U.S. 625, 630-31 (2002).

Even if he had not waived this argument, the indictment was sufficient. It alleged, tracking the language of the statute, that Mr. Robinson acted "knowingly." An indictment that tracks the language of the statute is sufficient on its face. *See United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000). The Third Circuit has confirmed that a Section 922(g) indictment that alleges that a defendant acted "knowingly" is sufficient to withstand a post-*Rehaif* challenge. *See United States v. Nasir*, 982 F.3d 144, 162 n.15 (3d Cir. 2020).

*Third*, and finally, the concurrent sentence doctrine applies and precludes any relief for Mr. Robinson. That doctrine provides a court with the "discretion to avoid resolution of legal issues affecting less than all of the counts in an indictment where at least one count will survive and the sentences on all counts are concurrent." *U.S. v. McKie*, 112 F.3d 626, 629 n.4 (3d Cir. 1997). Courts apply the rule when it is "apparent that the defendant will not suffer collateral consequences arising from the challenged conviction." *Jones v. Zimmerman*, 805 F.2d 1125, 1128 (3d Cir. 1986). A "collateral consequence" is something that places a restriction on a petitioner's liberty. *See U.S. v. Ross*, 801 F.3d 374, 380 (3d Cir. 2015). The Supreme

Court has held that, once a sentence for a conviction has expired, the collateral consequence of future sentencing enhancements potentially caused by that conviction is not itself sufficient to render an individual "in custody" for the purposes of a habeas attack. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). Mr. Robinson has not identified any collateral consequences from his challenged conviction or identified that the collateral consequences of the conviction for the concurrent sentence rise to the level of "custody."

Judge Kelly sentenced Mr. Robinson to 105 months on each of Counts 1, 3, and 5, running concurrently. Therefore, vacating Count 5 or allowing Mr. Robinson to withdraw his guilty plea for Count 5 would have no effect on his sentence. Because vacating Count 5 would have no practical effect on Mr. Robinson's time served and because he will not suffer a collateral consequence from this conviction, the concurrent sentence doctrine provides another reason why the Court declines to allow Mr. Robinson to withdraw his guilty plea on Count 5.

**IV. CONCLUSION**

Mr. Robinson timely challenged his conviction under 28 U.S.C. § 2255 after the Supreme Court published decisions that impacted some of the statutes to which Mr. Robinson pleaded guilty. But even under those new interpretations, Mr. Robinson still committed a crime of violence under 18 U.S.C. § 924(c)(1)(A), and he was still a felon in possession under 18 U.S.C. § 922(g)(1). Therefore, he is not entitled to have his sentence vacated or otherwise corrected under 28 U.S.C. § 2255. An appropriate Order follows.

**BY THE COURT**:

/s/ Joshua D. Wolson
JOSHUA D. WOLSON, J.

June 25, 2021